UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRAHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STRYKER CORPORATION ET AL.,<br><br>　　　　Defendants. | No. 2:24-cv-01411-DJC-JDP<br><br><br>ORDER |

In response to this Court's Scheduling Order (Sched. Order (ECF No. 22),) Defendant Stryker Employment Company, LLC timely filed Objections (Obj. (ECF No. 23)) and requested modifications to the Court's schedule. Plaintiff Jonathan Graham filed a Response (Response (ECF No. 24) seeking to maintain the Court's order.

The Scheduling Order currently directs the Parties to complete all fact discovery by March 13, 2026, and all expert discovery by June 5, 2026. (Sched. Order at 3.) The deadline for Plaintiff to move for class certification is July 17, 2026. (*Id*. at 4.) The briefing schedule is to be determined by Local Rule 230.

Defendant requests changes be made to the schedule as to the close of fact and expert discovery and class certification briefing. (Obj. at 1.) Specifically, Defendant requests:

1

- Plaintiff's deadline to file a motion for class certification: April 6, 2026
- Deadline for Defendant to file an opposition: May 11, 2026
- Deadline for Plaintiff to file a reply: June 1, 2026
- Close of fact discovery: no earlier than 60 days after ruling on class certification
- Expert disclosures: October 26, 2026
- Rebuttal expert disclosure: November 16, 2026
- Close of expert discovery: December 21, 2026

Defendant proposes this revised schedule because of the likelihood it will be necessary for Defendant to conduct fact or expert discovery in opposition to Plaintiff's motion for class certification and following the hearing as the case nears trial. Defendant also expresses concern that the class period in the complaint is ongoing, but fact discovery would close more than a year prior to the trial. (Obj. at 2.) Plaintiff requests that the Court maintain its proposed Scheduling Order.

District courts have "broad discretion to manage discovery and to control the course of litigation" under Federal Rule of Civil Procedure 16. *Avila v. Willits Envtl. Remediation Trust,* 633 F.3d 828, 833 (9th Cir. 2011). However, a district court may abuse its discretion if it unreasonably applies rules in a way that deprives a party of the opportunity to present class allegations, or a motion for class certification, or denies a party a reasonable opportunity to obtain a ruling on the merits of a motion for class certification. *Davidson v. O'Reilly Auto Enters., LLC,* 968 F.3d 955, 963 (9th Cir. 2020) (citations omitted).

The Court is not convinced that the Defendant's alternative scheduling order is appropriate as it pertains to the discovery and motion for filing class certification deadlines. Although the Court recognizes the issues Defendant has identified, Defendant is not without recourse if those circumstances come to fruition. Under Rule 16(b) a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). At least one court in this district has found that

"good cause" exists to modify the scheduling order where a Defendant seeks to modify a schedule to reopen pre-certification discovery for the purpose of deposing certain witnesses. *See e.g., Vega v. DNC Parks & Resorts at Asilomar Inc.,* No. 1:19-cv-00484-ADA-SAB, 2023 WL 2617044, at *4 (E.D. Cal. Mar. 23, 2023). Should Defendant meet the requirements of Rule 16, this Court would be able to modify the scheduling order. At the present time, however, the Court is unconvinced that a modification to the class certification deadline is appropriate.

Defendant also requests a modified briefing schedule following Plaintiff's motion for class certification. While the original deadline set by this Court on July 17, 2026, remains the same, the Court GRANTS Defendant's request to modify such schedule to provide Defendant with 35 days to file an opposition and 21 days for Plaintiff to reply. The Court also vacates the hearing date set for September 3, 2026 and resets the hearing for October 1, 2026 at 1:30 p.m.

Accordingly, Defendant's Objections (ECF No. 23) are OVERRULED in part and GRANTED in part.

IT IS SO ORDERED.

Dated:   **April 28, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – GRAHAM24cv01411.objections

3