UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRAHAM, | No. 2:24-CV-01411-DJC-JDP |
| Plaintiff, | |
| v. | ORDER |
| STRYKER CORPORATION, et al., | |
| Defendants. | |

Before the Court is Stryker Employment Company, LLC's Motion to Amend Answer. (Mot. (ECF No. 36).) Stryker seeks leave to allege two additional affirmative defenses to Plaintiff Jonathan Graham's wage-and-hour class action lawsuit: (1) Offset and (2) Arbitration, and to make clarifying revisions to previously asserted affirmative defenses of Failure to Exhaust Administration Remedies and Good Faith. For the reasons discussed below, the Motion is DENIED.

////
////
////
////
////
////

1

## BACKGROUND

On April 11, 2024, Plaintiff Jonathan Graham ("Plaintiff") initiated this wage-and-hour class action in state court against Defendants Stryker Corporation, Stryker Employment Company, LLC, and Stryker Medical and Surgical Equipment Corporation ("Stryker"), alleging violations of the California Labor Code. (*See generally* Compl. (ECF No. 1-1).) On May 17, 2024, Stryker removed the action to this Court. (NOR (ECF No. 1.) Plaintiff filed a motion to remand, which this Court denied. (ECF Nos. 10, 19.) Subsequently, Stryker notified the Court it had previously filed an Answer to Plaintiff's Complaint in state court. (ECF No. 20.) Pursuant to the parties' stipulation, Stryker Corporation and Stryker Medical and Surgical Equipment Corporation were dismissed from the case. (ECF No. 26.)

The Court issued a Scheduling Order on March 12, 2025. (ECF No. 22.) Thereafter, Stryker filed objections to the scheduling order and a request to modify the discovery and class certification deadlines and class certification briefing schedule. (ECF No. 23.) The Court granted Stryker's objections in part and denied them in part, permitting an extended class certification briefing schedule but denying the request to revise the discovery and class certification deadlines. (ECF No. 27.) No other changes to the scheduling order were made. (*Id.*) On May 28, 2025, Stryker filed a Motion to Bifurcate, which this Court denied. (ECF Nos. 28, 35.)

Stryker now moves for leave to file an amended Answer to add new affirmative defenses and modify certain existing ones. (*See generally* Mot.) The Motion is fully briefed. (Opp'n (ECF No. 38); Reply (ECF No. 39).) Pursuant to Local Rule 230(g), the Motion was ordered submitted without appearance and without oral argument. (ECF No. 40.)

## ANALYSIS

Once the deadline for amending pleadings established in a pretrial scheduling order passes, Rule 16, which controls the modification of a district court's scheduling order, governs the amendment of pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d

2

1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). District courts are not required to imply a *de facto* motion to modify the scheduling order when a motion to amend is untimely filed, as here. *Phila. Indemn. Ins. Co. v. IEC Corp.*, No. 8:16-cv-00295-DOC-DFM, 2017 WL 5664988, at *3 (C.D. Cal. Jul. 27, 2017) ("The Ninth Circuit does not automatically consider an untimely motion to amend a [pleading] to be a motion to modify the scheduling order.") If the district court chooses to construe the motion to amend as a motion to modify the scheduling order, however, Federal Rule of Civil Procedure 16 applies. Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). If "good cause" is shown, then the party seeking amendment must demonstrate that amendment is proper under Rule 15. *Johnson*, 975 F.2d at 608.

        This Court's scheduling order issued on March 12, 2025, provided that no further amendments to pleadings would be permitted without leave of Court and a showing of good cause. (ECF No. 22 at 1.) The modified scheduling order left this March 12, 2025, deadline unchanged. (*See generally* ECF No. 29.) While Stryker's motion to amend its answer is untimely and may be denied on that basis, *see U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant did not request a modification of the scheduling order), *superseded by statute on other grounds as stated in Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015), the Court will address whether Stryker has made a showing of good cause.

        In its moving papers seeking leave to amend, Stryker appeals to Federal Rule of Civil Procedure 15, but Stryker cannot not rely on those liberal amendment procedures after the deadline to amend pleadings has passed. Rather, Stryker's "tardy motion ha[s] to satisfy the more stringent good cause showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir.

2006) (cleaned up). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson*, 975 F.2d at 609. Courts assess the following factors:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Wake Forest Acquisitions, L.P. v. Vanderbilt Com. Lending, Inc.*, No. 2:15-cv-02167-KJM-DB, 2018 WL 1586362, at *3 (E.D. Cal. Apr. 2, 2018).

Plaintiff notes that Stryker represented in the March 3, 2025 Joint Status Report, which was filed before the Scheduling Order was issued, that "[n]o amendments to the pleadings are anticipated." (ECF No. 21 at 4.) As to the offset defense, however, Stryker contends that "it could not have reasonably discovered the commission overpayment underlying its offset defense any earlier," as such a discovery would have required "tens of thousands of hours" to identify, given the scale and complexity of the data. (Reply at 12–13.) Stryker points out that the discovery of the commission overpayment did not occur until June 6, 2025, when a commission analyst investigating an unrelated commission matter inadvertently discovered it. (Buczek Decl. (ECF No. 36-3) ¶ 3.) Stryker asked Plaintiff about the overpayment in the July 2, 2025, deposition and "Plaintiff testified that the sale in question was an 'incentivized' deal and speculated as to why he may have been entitled to a larger commission on the sale." (Nordlander Decl. (ECF No. 36-2) ¶ 6.)[1] After investigating the matter,

---

[1] The parties dispute the reasonableness of Stryker's actions taken during the July 2, 2025 deposition with respect to Exhibit 15, however, it appears that Plaintiff authorized certain redactions that he later challenges in his opposition. (Nordlander Reply Decl. (ECF No. 39-1) ¶¶3–4.) The Court finds that

4

Stryker sought Plaintiff's agreement to stipulate to amending the Answer and failing to secure that, Stryker filed the instant motion within eleven days of Plaintiff's denial. (Reply at 14.)

The Court finds that Stryker has not established good cause. "Diligence is a case-specific inquiry that turns primarily on the length of time between the ground necessitating amendment and the movant's request to amend." *Cervantes v. Zimmerman*, Nos. 17-cv-1230-BAS-NLS, 18-cv-1062-BAS-NLS, 2019 WL 1129154, at *5 (S.D. Cal. Mar. 12, 2019) (cleaned up and citations omitted). Here, Stryker had possession of the commission reports, and the overpayment information, since the initiation of the lawsuit in April 2024. The Court does not find credible Stryker's argument that it would require investing "tens of thousands of hours" in reviewing these reports. In any event, the commission overpayment pertains to Plaintiff's individual claims, which Stryker should have been assessing from the outset of the case.

So, too, with the arbitration defense. Stryker appears to suggest that the ground necessitating amendment for the arbitration defense was the Court's denial of the motion to bifurcate, but it is undisputed that Stryker knew of the class action nature of the lawsuit from the outset of litigation and Stryker concedes that it "had access to arbitration agreements for certain putative class members." (Reply at 15.) "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the [scheduling order] deadline." *Powell v. County of Solano*, No. 2:19-cv-02459-JAM-DB, 2022 WL 484837, at *2 (E.D. Cal. Feb. 16, 2022) (citation omitted).

At bottom, Defendant was not diligent in utilizing information that it had at its own disposal since the initiation of this litigation. Because Stryker has not met the Rule 16 requirement of good cause, the Court need not analyze the factors under Rule

---

Stryker adequately explains the basis for providing Exhibit 15 as an excerpt during the deposition. (*Id.* ¶ 3.)

5

15. If the party seeking the modification "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Amend Answer (ECF No. 36) is DENIED.

IT IS SO ORDERED.

Dated: __December 4, 2025__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC8–Stryker.24cv1411.mot. to amend answer

6