SEYFARTH SHAW LLP
Michele J. Beilke (SBN 194098)
mbeilke@seyfarth.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   213-270-9600
Facsimile:  213-270-9601

SEYFARTH SHAW LLP
Jeffrey A. Nordlander (SBN 308929)
jnordlander@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:  916-498-7051
Facsimile:  916-558-4839

Attorneys for Defendant
STRYKER EMPLOYMENT COMPANY, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GRAHAM, on behalf of himself and all others similarly situated and as a representative for the State of California,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER EMPLOYMENT COMPANY, LLC, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01411-DJC-JDP<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date: July 9, 2026<br>Time: 1:30 p.m.<br>Ctrm: 7<br><br>[*Filed Concurrently Herewith the Memorandum of Points and Authorities; Declaration of Jeffrey A. Nordlander; Declaration of John Buczek; and Undisputed Material Facts*] |

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
OR,  IN THE ALTERNATIVE, SUMMARY ADJUDICATION

325618694v.1

TO THE HONORABLE COURT AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 9, 2026, at 1:30 p.m., in Courtroom 7, 14th Floor, of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95814, Defendant Stryker Employment Company, LLC, ("Stryker") will move, and hereby does move, for summary judgment under Federal Rule of Civil Procedure 56 and Eastern District Local Rule 260, or in the alternative, for summary adjudication ("Motion").

This Motion is made on the ground that no triable issue of material fact exists as to any of Plaintiff Jonathan Graham's claims. Should the Court decline to grant summary judgment on every claim, Stryker moves in the alternative for summary adjudication on the issues below:

**Issue 1 (First Cause of Action for Unpaid Wages, Lab. Code §§ 201–204).** Whether Plaintiff's first cause of action for unpaid wages fails because Stryker timely paid every commission he earned under his Compensation Plans.

**Issue 1(a).** Whether Plaintiff's claim for unpaid commissions under his 2021 and 2022 Compensation Plans fails because Stryker paid every commission those Plans required.

**Issue 1(b).** Whether Plaintiff's claim for unpaid commissions under his 2023 Compensation Plan fails because Stryker paid every commission that Plan required.

**Issue 1(c).** Whether Plaintiff's claim under Labor Code § 204 fails because § 204 affords no private right of action.

**Issue 1(d).** Whether Plaintiff's claim under Labor Code § 204 fails because Stryker timely paid every earned commission, and § 204 governs only earned wages – not advances.

**Issue 1(e).** Whether Plaintiff's waiting-time claim under Labor Code §§ 201–203 fails because no commissions were earned and due at termination.

1

325618694v.1

**Issue 1(f).** Whether Plaintiff's waiting-time claim fails for the independent reason that Stryker had already overpaid Plaintiff's commissions and was entitled to offset any final wages.

**Issue 2 (Second Cause of Action for Wage-Statement Violations, Lab. Code § 226).** Whether Plaintiff's second cause of action for wage-statement violations fails because Stryker accurately reported his commission earnings and properly furnished itemized written wage statements.

**Issue 2(a).** Whether Plaintiff's § 226 claim fails because Stryker properly furnished itemized written wage statements, which Plaintiff voluntarily elected to receive electronically.

**Issue 2(b).** Whether § 226 claim fails for the independent reason that Stryker had an objectively reasonable, good-faith belief that its wage statements complied with § 226, defeating any "knowing and intentional" violation under *Naranjo v. Spectrum Security Services, Inc.,* 15 Cal. 5th 1056 (2024).

**Issue 3 (Third Cause of Action for Unreimbursed Business Expenses, Lab. Code § 2802).** Whether Plaintiff's third cause of action for unreimbursed business expenses fails because Stryker directly reimbursed his reasonable and necessary business expenses throughout his employment, without deducting those reimbursements from his wages or commissions.

**Issue 4 (Third Cause of Action, in the Alternative).** Whether, in the alternative, Plaintiff's third cause of action fails because Stryker satisfied its § 2802 obligation through enhanced compensation under *Gattuso v. Harte-Hanks Shoppers, Inc.,* 42 Cal. 4th 554 (2007).

**Issue 5 (Fourth Cause of Action for Unauthorized Deductions, Lab. Code § 221).** Whether Plaintiff's fourth cause of action for unauthorized deductions fails because Stryker took no deductions from earned commission wages; the $2,000 monthly adjustment was applied before commissions were earned, as part of the contractual formula for calculating commission eligibility.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

325618694v.1

**Issue 6 (Fifth Cause of Action for Unfair Competition, Bus. & Prof. Code § 17200).** Whether Plaintiff's fifth cause of action under the UCL fails because it is wholly derivative of his other claims and because Stryker engaged in no unlawful, unfair, or fraudulent business practice.

**Issue 7 (Sixth Cause of Action for PAGA, Lab. Code § 2698 *et seq.*).** Whether Plaintiff's sixth cause of action under PAGA fails because he cannot prove any underlying Labor Code violation on which derivative PAGA penalties could rest.

**Issue 8 (Sixth Cause of Action based on Stand-Alone § 2751 Theory).** Whether Plaintiff's stand-alone PAGA theory under Labor Code § 2751 fails because Stryker provided him with signed written commission agreements and obtained signed receipts, as the statute requires.

This Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the Joint Statement and Separate Statement of Undisputed Material Facts; the Declaration of Jeffrey A. Nordlander and its exhibits; all pleadings and papers on file; and any further evidence or argument presented at the hearing.

### Certification of Meet and Confer

Under this Court's Standing Order (Dkt. 7-1) and Scheduling Order (Dkt. 27), the Parties met and conferred about the issues raised here, including the Joint and Separate Statements of Undisputed Material Facts. The Joint Statement filed with this Motion contains the facts Plaintiff does not dispute. Stryker provided Plaintiff with its proposed undisputed material facts and the supporting evidence. After Plaintiff identified the facts he did not dispute, Stryker asked him to produce the evidence supporting his disputes so Stryker could evaluate it. Plaintiff did not respond.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

325618694v.1

The parties are at an impasse on what Stryker views as to the legal and factual deficiencies in Plaintiff's claims, necessitating this Motion.

DATED:  May 26, 2026

Respectfully submitted,
SEYFARTH SHAW LLP


By:__*/s/ Jeffrey A. Nordlander*_____
Michele J. Beilke
Julia Y. Trankiem
Jeffrey A. Nordlander

Attorneys for Defendant
STRYKER EMPLOYMENT COMPANY, LLC

4

325618694v.1